326 So.2d 760

**The TENURE COMMISSION of the State of Alabama et al.**

v.

**ANNISTON CITY BOARD OF EDUCATION.**

**Civ. 692.**

Court of Civil Appeals of Alabama.

Jan. 21, 1976.

William J. Baxley, Atty. Gen., and Carol Jean Smith, Asst. Atty. Gen., for appellant.

Merrill, Porch, Doster & Dillon, Anniston, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from the granting of a writ of mandamus from the Circuit Court of Calhoun County directing the State

Tenure Commission to set aside its judgment setting aside the transfer of a teacher by the Board of Education of the City of Anniston. We reverse.

Eugene Trammell, a teacher with continuing service status, was transferred from a position teaching basic math at Anniston High School to a position teaching math at Cobb Junior High School without loss of status. All procedural requirements for transfer and contest thereof as directed by Title 52, Sections 355 and 356, *Code of Alabama (1940)*, were duly complied with. The reason given by the Board for the transfer was a surplus of math teachers at Anniston High School.

After hearing, Trammell appealed to the State Tenure Commission as provided by Title 52, Section 357, *Code of Alabama (1940)*. After consideration of the record of the hearing by the Board of Education, the Commission found that there was no evidence supporting the reason given for transfer and thus the action of the Board was arbitrarily unjust. The Commission directed the re-instatement of Trammell as a teacher at Anniston High School.

From the order of the Commission, the Board sought writ of mandamus from the Circuit Court to be directed to the Commission as permitted by Title 52, Section 361, *Code*. The Circuit Court determined the action of the Commission unjust, directing it to set aside its order of re-instatement and to enter an order affirming the order of the Board of Education transferring Trammell. The court in its order directing issuance of the writ of mandamus stated that it was of the opinion that the questions presented in the case had been adequately answered by the opinion of this court in the case of *DeCarlo v. Tarrant City Board of Education*, 52 Ala.App. 220, 291 So.2d 155. The Tenure Commission appeals.

It appears from the order of the trial court and the brief of the Board that there is a misunderstanding of what we said in *DeCarlo*. The basis of misunderstanding

is clear and we accept the responsibility of clarification.

In *DeCarlo*, commenting on the differences in Section 355, Title 52, *Code of Alabama (1940)*, pertaining to transfer of teachers and Section 358 of Title 52 pertaining to cancellation of employment contract, we said:

"Transfer does not require cause and is limited only by personal or political reasons or arbitrary unjustness . . . ."

In the same case, we said on rehearing, the following:

"Section 355 does not require a board to have grounds for a transfer. It provides only reasons for which a transfer may not be given."

Perhaps each of these statements contained an unfortunate choice of terminology. When we used the terms "cause" and "grounds" they were intended in the context in which they are used in Section 358. In that section the term "grounds" is used in the caption of the section. The term "cause" is found in the body of the section. The section sets out specific "grounds" or "cause" upon which a contract of employment may be cancelled. In *DeCarlo* we pointed out that section 355 did not state specific ground or cause was required in order to effect a transfer. This is evident by our saying therein as follows:

"Section 358 requires that a board may not cancel a contract except for specific grounds and further provides reasons why a contract may not be cancelled. Thus it is very clear that transfers and cancellations were not intended by the legislature to be viewed alike. Their ultimate effect is markedly different."

We did not intend to say that a transfer could be made without some legitimate administrative reason. We perceive a wide difference in a statutorily specified ground

or cause for cancellation as in Section 358 and an administrative reason.

Section 356 requires that a teacher requesting a hearing before the Board, after notice of transfer, be given notice of the time and place of the hearing, "and the reasons for the proposed transfer." The object of stating the "reasons" for transfer is obviously for the purpose of allowing the teacher to examine witnesses and offer testimony to the end of determining the truth and validity of the stated "reasons" and if they serve legitimate or reasonable administrative purposes or whether they are an abuse of administrative discretion and thus arbitrary and unjust. It is from such evidence in the record, when viewed upon appeal by the Tenure Commission, that it may determine whether the action of the Board is arbitrarily unjust. Title 52, Section 357, *Code of Alabama (1940); Marshall County Board of Ed. v. State Tenure Commission,* 291 Ala. 281, 280 So.2d 130.

From the statement of the Court below referring to *DeCarlo,* and from the argument of the Board on this appeal, we can only conclude that the court understood *DeCarlo* to hold that the Board was not required to have reasons for transfer nor produce substantial evidence to sustain a stated reason upon the hearing before the Board. Such understanding was not correct. A superintendent does not recommend nor does a board of education approve a transfer without a reason. Such reason must be stated if the transfer is contested. The stated reason must be shown by the evidence to serve a reasonable administrative function, not be personal or political or arbitrarily unjust. If the evidence does not sustain the reason given, the transfer is not sustained.

In this case there was no issue presented that the transfer was for personal or political reasons. Therefore, upon appeal to the Tenure Commission it was the statutory duty of the Commission to determine from the record if the hearing before the Board was according to statutory procedure and if the evidence reasonably sustained the reason given for transfer. If the evidence was insufficient to sustain, the transfer must be found without reason and thus arbitrary and unjust.

We have carefully examined the record of testimony before the Board. The reason stated for transfer to Trammell by letter was that there was "a surplus of mathematics teachers at Anniston High School and the projection for the 1975–76 school year calls for a reduction in the mathematics staff . . . ." The only testimony as to a surplus was merely the statement of the principal that there was a surplus. It was not shown how many teachers of mathematics there were at the school nor how many courses were offered. It was shown by cross-examination of the principal that a new mathematics teacher had been employed at the school; that the course taught by Trammell in 1974–75 remained on the curriculum; that Trammell had asked to teach high mathematics such as that to be taught by the teacher newly employed. There was no evidence that Trammell was not qualified by education or certificate to teach classes for which the new teacher had been employed. It follows that the evidence does not reasonably or substantially support the reason for transfer and the Tenure Commission did not act unjustly in so finding. It further follows that the writ of mandamus was issued in error and the order must be reversed and set aside.

The judgment of the trial court is reversed and the cause is remanded to that court with directions to rescind and set aside its peremptory writ of mandamus directed to the State Tenure Commission.

Reversed and remanded with directions.

BRADLEY and HOLMES, JJ., concur.