This is an appeal by the State Tenure Commission. The Circuit Court of Pike County, by writ of mandamus, directed the State Tenure Commission to set aside its judgment setting aside the transfer of a teacher by the Board of Education of Pike County.
We affirm the action of the trial court.
The pertinent facts as revealed by the record disclose that Mrs. Ruth Crawford, the subject of the instant transfer, was a teacher with continuing service status. In fact, Mrs. Crawford has been a teacher in Pike County for over 25 years. For the past several years, Mrs. Crawford has held the position of Supervisor of Instruction. The Board of Education transferred Mrs. Crawford from the position of Supervisor of Instruction to that of classroom teacher. This transfer was without loss of status. The reason given by the Board of Education for the transfer was that economic reasons dictated that the position of Supervisor of Instruction be abolished and she be returned to the classroom. As indicated above, this transfer was without any reduction in pay.
A hearing was held by the Board and thereafter the transfer was ordered.
After the hearing before the Board, Mrs. Crawford appealed to the State Tenure Commission as provided for under Tit. 52, § 357, Code of Alabama. After consideration of the record of the hearing by the Board of Education, the Tenure Commission found as follows:
 ". . . that the action of the Board was arbitrarily unjust and was not in compliance with the teachers' tenure laws because the evidence fails to support the economic reasons cited by the Board for its action. The action of the Pike County Board of Education is, therefore, reversed."
From the order of the Commission, the Board sought writ of mandamus from the circuit court to be directed to the Commission as permitted by Tit. 52, § 361, Code of Alabama. The circuit court found that the "reason" given by the Board of Education *Page 1175 
to Mrs. Crawford for her transfer was supported by the undisputed evidence presented by the Board. The circuit court directed the Commission to set aside its order of reinstatement and enter an order affirming the order of the Board of Education transferring Mrs. Crawford. It is from this order that the Tenure Commission has taken this appeal.
Through able counsel, the Tenure Commission's main contention is that the transfer of Mrs. Crawford was arbitrary and unjust and, therefore, the order of the Tenure Commission should be upheld. We disagree.
At the outset, we deem it appropriate to quote what Presiding Judge Wright, speaking for this court, said in TenureCommission v. Anniston City Board of Education, 57 Ala. App. 198,201, 326 So.2d 760, 763 (1976):
 "A superintendent does not recommend nor does a board of education approve a transfer without a reason. Such reason must be stated if the transfer is contested. The stated reason must be shown by the evidence to serve a reasonable administrative function, not be personal or political or arbitrarily unjust. If the evidence does not sustain the reason given, the transfer is not sustained." [Emphasis supplied.]
It was not our intention to imply by our statement inAnniston City Board of Education, supra, that the teacher and, upon appeal, the Tenure Commission could challenge the wisdom or correctness of the administrative acts of the Board which may have precipitated the transfer. It is only the truth of the stated reason which may be attacked. If the transfer was not because of the "reason" but was in fact for political or personal reasons or was not reasonably supported by the "reason," such transfer could be determined to be arbitrary, capricious and unjust upon appeal. Tit. 52, § 357, Code of Alabama; Mills v. Board of Education, 449 F.2d 902 (5th Cir. 1971). The statutory duty to administer and supervise the public schools in a county is charged to the county board of education. Tit. 52, § 62, Code of Alabama. The setting of educational policy and the conduct and management of the schools is the responsibility of the county board of education. Tit. 52, §§ 73, 74, Code of Alabama.
In this case, the decision to terminate the position of Mrs. Crawford and reassign her to a teaching position was not subject to review as to its wisdom or necessity, but only as to whether it was made for personal or political reasons, or whether it was so unsupported in fact or reason as to be arbitrary and capricious. Robinson v. Jefferson County Board ofEducation, 485 F.2d 1381 (5th Cir. 1973); Mullins v. Board ofEducation of Etowah County, 249 Ala. 44, 29 So.2d 339 (1947).
As shown by the Tenure Commission's order, the issue then becomes whether the reason given by the Board (i.e., economic) is shown by the evidence to serve a reasonable administrative function. From our careful review of the evidence, we find that it was.
The record reveals without controversy that the Board intended to abolish the position of Supervisor of Instruction. This would result in a saving of some $12,000. Additionally, by returning Mrs. Crawford to the classroom, certain split-grades would be eliminated. These facts alone fall within the definition of a reasonable administrative function as discussed in Anniston City Board of Education, supra. We find no evidence regarding the transfer being made for political or personal reasons. Nor did the Tenure Commission so find.
We are well aware of the Alabama Supreme Court's decision inAlabama State Tenure Commission v. Mt. Brook Board ofEducation, Ala., 343 So.2d 522 (1977), regarding the standard of review to be exercised by the circuit court in cases of this nature. However, we would note that Mt. Brook was a "termination proceeding," whereas, the instant appeal is a "transfer" *Page 1176 
case. In any event, our views regarding Mt. Brook can be found in Sumter County Board of Education v. Alabama State TenureCommission, Civ. 1119, decided July 13, 1977.
It is clear that even in light of the supreme court's decision in Mt. Brook, there must be sufficient evidence before the Tenure Commission to support its conclusion that the decision of the Board of Education should be reversed. Here, in the instant appeal, we find no such sufficient evidence, or any reasonable tendency of such evidence.
The Tenure Commission, through able counsel, further contends that this court should reverse this matter for failure by the school board to allow the deposition of a certain witness to be taken and for failure to grant a continuance. We find no merit in either of these contentions.
The record reveals that for purposes of the contentions raised on this appeal, the teacher was notified on October 15, 1976, of the school board's intention to transfer the teacher. She was further notified to select the school she preferred to be assigned to. The teacher's reply to this notification was that she preferred to remain in her present position, i.e., Supervisor of Instruction. Thereafter, on October 29, 1976, the school board selected the school and notified the teacher of the Board's intention to transfer and the school to which she was assigned. This notification occurred on November 2, 1976. The teacher immediately demanded a hearing and the same was set for November 17, 1976.
On November 15 or 16, a letter was received by the office of the Superintendent of Education. The letter stated that "notice is hereby furnished of Mrs. Crawford's intention to take your deposition and deposition of the chairman of the Pike County Board of Education prior to the scheduled November 17, 1976 Board hearing."
Additionally, the letter requested a subpoena for the budget of the school years 1970-71 through 1976-77. A subpoena was issued for these documents on November 16, 1976, and they were available at the hearing.
As early as July 15, 1976, Mrs. Crawford received a letter from the Pike County Board of Education informing her of the Board's decision to reassign her due to economic reasons. This court held in Tenure Commission v. Anniston City Board ofEducation, supra:
 "The object of stating the `reasons' for transfer is obviously for the purpose of allowing the teacher to examine witnesses and offer testimony to the end of determining the truth and validity of the stated `reasons' and if they serve legitimate or reasonable administrative purposes . . ." (57 Ala. App. at 201, 326 So.2d at 762)
As can be seen from the facts set out above, the appellant had sufficient time (approximately four months from notification of reassignment) in which to examine witnesses and study documents to determine if a legitimate economic reason exists. Instead, the appellant waited until the week of the Board hearing before such right was asserted.
The appellant first contends in this regard that the failure to allow the deposition requires reversal. We find no merit in this contention.
Rule 30 (b)(1), ARCP, in pertinent part, reads:
 "(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing. . . ." [Emphasis supplied.]
As can be seen from the facts as set out above, it could well have been concluded that reasonable notice was not given.
The appellant further argues in brief that the school board's failure to grant a continuance to allow counsel for the teacher to study the subpoenaed documents and to take the aforementioned deposition was a denial of due process of the law. *Page 1177 
The Board of Education granted a 30 minute recess to allow counsel to study the requested documents. Quite frankly, we fail to fully comprehend appellant's argument regarding this aspect. The documents were supplied; they were produced and counsel, while perhaps not allowed an abundance of time to study the documents, was allowed some time. In any event, in view of the facts as seen from the above, we perceive no reversible error in this regard.
As stated by the Supreme Court of Alabama in County Board ofEducation of Clarke County v. Oliver, 270 Ala. 107, 109,116 So.2d 566, 567:
 "The Teacher Tenure Law contemplates the rudimentary requirements of fair play with reasonable notice and opportunity to be present, information as to charges made, and opportunity to controvert such charges, the right to examine and cross-examine witnesses, and submit evidence and be heard in person or by counsel. . . ."
This court, after careful study of the record, can perceive no deprival of due process of law since all of the above requirements have been met.
We would further note, regarding the contention relating to the deposition, subpoenaed documents, and continuance, that these matters were apparently not considered by the Tenure Commission or the trial court. When this fact (the nonconsideration by the Tenure Commission and the trial court) coupled with the fact that the teacher prevailed before the Tenure Commission, is considered, it appears that these contentions are, in effect, being raised for the first time on appeal. This the law does not permit. See 2 Ala.Dig. Appeal Error 169.
An argument which was not asserted in the answer or developed or passed on at trial cannot be considered on appeal. The failure to adequately present and develop an issue precludes this court from considering it on appeal. See American LeasePlans, Inc. v. Houghton Const. Co., Inc., 492 F.2d 34 (5th Cir. 1974).
This case is due to be affirmed.
AFFIRMED.
All Judges concur.