HOLMES, Judge.
This is a teacher tenure case.
The Mountain Brook Board of Education (the Board) cancelled the teaching contract of Mrs. Dorothy Greenberg, a tenured teacher. The Alabama State Tenure Com *998 mission (the Commission) sustained the cancellation. On writ of mandamus, the Circuit Court of Jefferson County affirmed the decision of the Commission. The teacher appeals and we affirm.
On appeal, the teacher contends she was denied due process of law at the hearing before the Board. Specifically, she contends one of the Board members should not have taken part in the hearing or the deliberations as his child was a witness against her at a previous cancellation hearing held in 1974. She also argues the transcript from this prior hearing, which was not introduced into evidence at the instant challenged hearing, was impermissibly used or considered by the Board. Finally, she argues some of the prior charges were considered at the latter hearing although she had no notice she would once again face these accusations.
As is apparent from the above, this hearing, held in 1978, was the teacher’s second encounter with the Board. Prudence dictates that a detailed recitation of the prior charges lodged against the teacher not be set forth in this opinion. Suffice it to say that the end result of the prior proceedings was an order from the Supreme Court of Alabama that the teacher be reinstated. See, Ala. State Tenure Com'n v. Mt. Brook Bd. of Ed., Ala.Civ.App., 343 So.2d 518, rev’d, Ala., 343 So.2d 522 (1976), on remand, Ala.Civ.App., 343 So.2d 528 (1977).
Unlike her prior appeal, the teacher in the instant appeal does not now challenge the sufficiency of the evidence presented against her. While she of course does not concede it was proper to cancel her contract, she focuses her arguments upon the alleged deprivations of her due process rights.
With this challenge in mind, we shall set forth the facts from the voluminous record before us as they relate to the issues raised, considering the arguments seriatim.
The teacher was given notice of the intent to cancel her contract. This notice provided, in pertinent part:
This proposed cancellation of your contract is based upon grounds of incompetence, insubordination, and other good and just cause.
Examples of the conduct or evidence thereof which comprise these grounds are:
1. Failure to properly instruct students.
2. Failure to obey instructions of principal.
3. Numerous complaints of parents and students.
4. Behavior in class room.
5. Inflexibility of disciplinary standards.
6. Ridicule and sarcasm directed to students.
7. Inordinate number of requests by parents and students for transfer from your class to . those of other teachers.
In compliance with § 16-24-9, Code of Ala.1975, a hearing was held at which the teacher and her attorney appeared. However, before any evidence was heard, the attorney established that the child of one of the present Board members, one James Emack, had testified against the teacher at the prior hearing. When challenged, Emack pointed out that was another case, and after being asked' if he could be fair, responded, “I am prepared to listen to your testimony and Mrs. Greenberg’s testimony in this instance.”
After this transpired, the Board’s chairman refused to disqualify Emack.
We find no error here. As this court observed in Board of Dental Examiners v. King, Ala.Civ.App., 364 So.2d 311 (1977), rev’d on other grounds, Ala., 364 So.2d 318, on remand, Ala.Civ.App., 364 So.2d 319 (1978), the mere fact that a member of a board has had prior contact with a particular individual or has considered other charges against that individual is not sufficient, in the absence of some showing to the contrary, to demonstrate bias. Any other rule would be fraught with difficulties, for it could very well necessitate the appointment of an entire new board in a case such as this one, where the individual’s actions are deemed to warrant further investigation by the involved board.
*999 But, even more importantly, members of such boards are presumed to be men and women of “conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.” King, supra, 364 So.2d at 317. This presumption can only be rebutted by a showing that the risk of bias is intolerably high or such that there is a substantial temptation on the part of a member, or members, to prejudge the case. King, supra.
Upon reflection, this court is of the opinion the teacher has not overcome the presumption of impartiality. True, Emack had knowledge of the prior charges because his son was a witness at the prior hearing. True, he expressed concern over the strain and trauma visited upon the child in testifying at such a proceeding and indicated the propriety of allowing this was the subject of several family discussions.
However, when questioned, Emack stated that this was another case and that he was ready to listen to the testimony in this instance. We conclude there was no error in finding this answer was a sufficient indication of his desire and ability to afford the teacher a fair hearing. In other words, there was a showing only of prior knowledge and of justifiable concern for his child. This falls short of demonstrating the requisite intolerably high risk of bias. King, supra.
The teacher relies upon our decision upon remand in King to argue the Board impermissibly used or considered the transcript from the prior hearing, There, this court observed that although evidence of prior proceedings is admissible so long as due process requirements are met, we held a board cannot rely on material not introduced at the hearing.
In that case, the record indicated the Board of Dental Examiners was in possession of a file containing previous charges lodged against King. This file, which was not introduced into evidence, was present during the course of the Board’s deliberations.
Here, the record shows the only use of the transcript of prior proceedings, occurred at the opening of the hearing. The chairman testified on deposition he was unsure of the proper protocol in opening the hearing. He therefore requested and received the prior transcript immediately before the hearing, read over the opening remarks, and returned the transcript to the local school superintendent.
To this court it is clear the above facts do not bring this case within the rule laid down in King. The substantive elements of the prior proceedings were neither used nor considered in this case. In King, this court attempted to set forth a rule which would ensure that a party before a quasi-judicial board and faced with the possible loss of property rights is afforded such fundamental due process protections as the right to notice and adequate cross-examination. There is no showing that the teacher in this case was denied these rights due to the limited use of the prior transcript.
Finally, the teacher contends she was not given notice that she would once again face the charges previously lodged against her. Specifically, she complains of the admission of two letters from parents of Mountain Brook students requesting that their children not be assigned to the teacher’s class. The letters were but two of many making the same request.
The first of the challenged letters, dated August 17, 1977, gave as grounds for the request the purported unsatisfactory conduct of the teacher when an older child of the complaining parent was in her class in 1973-74. Specifically mentioned, among other complaints, was the “vicious and cruel manner in which this teacher would verbally attack children she did not like.”
The second letter, dated August 20,1977, referred to testimony given at the prior hearing. This letter'mentioned the teacher’s purported “mocking and holding up to ridicule” of many of her students. It also recounted the parent’s conversation with a student of the teacher.
*1000 As stated in County Bd. of Ed. of Clarke County v. Oliver, 270 Ala. 107, 109, 116 So.2d 566, 567 (1959):
The Teacher Tenure Law contemplates the rudimentary requirements of fair play with reasonable notice and opportunity to be present, information as to charges made, and opportunity to controvert such charges, the right to examine and cross-examine witnesses, and submit evidence and be heard in person or by counsel. ...
As indicated, the notice given the teacher stated there had been numerous complaints lodged against her by parents and also referred to an “inordinate number of requests by parents” to transfer their children. The notice also gave as grounds for the proposed cancellation the teacher’s purported “ridicule and sarcasm directed to students.”
Furthermore, the record shows that at some time before the hearing, the teacher’s attorney received copies of the complaints lodged against her.
This court considered similar arguments in State Tenure Commission v. Pike County Bd. of Ed., Ala.Civ.App., 349 So.2d 1173 (1977). There, the teacher complained of the denial of a continuance to study records made available at the hearing. She was granted only a thirty minute recess for this purpose.
In addressing contentions concerning the lack of information supplied, this court commented, “Quite frankly, we fail to fully comprehend appellant’s argument regarding this aspect.” 349 So.2d at 1177. Surely, the same remark can be made where the teacher was specifically made aware of the complaints and requests for transfer and had been supplied copies of these before, not at, the hearing. This observation is even more appropriate in light of King, supra, which indicated evidence of prior charges are admissible so long as proper notice is given.
This is not to say that we construe the letters to comprise “evidence of prior charges.” Rather, their true function was to show the volume of complaints against the teacher. But, even if cast in the light portrayed by the teacher, there was no error.
The Commission has requested that we impose sanctions against the teacher pursuant to Rule 38, ARAP, for filing a frivolous appeal. After due deliberation, the request is denied.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.