This is a teacher tenure case.
On May 14, 1980, Dewey Hood (teacher-appellant) was notified that the Walker County Board of Education intended to transfer him from Oakman High School to Parrish Elementary School. At the teacher's request, a hearing regarding his proposed transfer was held before the Board of Education. Following the hearing the Board voted to approve the transfer.
The teacher, as provided by section 16-24-7, Code of Alabama 1975, appealed the Board's decision to the Alabama State Tenure Commission. The Tenure Commission, after considering the record of the proceedings before the Board as well as briefs and arguments of counsel, affirmed the Board's decision to transfer the teacher.
Pursuant to section 16-24-38, Code of Alabama 1975, the teacher filed a petition for mandamus with the Circuit Court of Walker County. The trial court held that the Board's action in transferring the teacher was in accord with the Teacher Tenure Act; that the action was not unjust; and, finally, that the decision of the Tenure Commission was correct and that the reason given for the transfer served a reasonable administrative function.
The teacher appeals from the decision of the trial court. Finding no error, this court affirms.
The record reveals the following pertinent facts: The teacher in this action is a tenured teacher who is certified to teach physical education and political science at the secondary level. The teacher had been employed for ten years by the Walker County school system primarily as a physical education teacher and coach. On November 21, 1979, the teacher sent a letter to the county school superintendent stating that he wished to resign his coaching duties but still retain his teaching duties at Oakman High School.
The teacher's resignation of his coaching position became effective on February 8, 1980. On March 3, 1980, a new coach was hired to fill the vacancy created by the teacher's resignation. The new coach was hired in the dual role of coach and physical education teacher. Thus, during the remainder of the 1979-80 school year both the teacher and the new coach served as physical education teachers.
Near the end of the school year, the teacher was notified of his proposed transfer. In a letter from the school superintendent dated June 6, 1980, the teacher was informed that the reason for his transfer was the surplus of physical education teachers at Oakman High School.
As is set out above, the teacher elected to contest his transfer. While pursuing the remedies provided by the Teacher Tenure Act, the 1980-81 school year began and the teacher reported to his elementary school assignment. There the teacher found that he was scheduled to teach physical education to grades one through eight.
Further pertinent facts will be discussed as they relate to the specific contentions of the parties.
In Alabama State Tenure Commission v. Board of SchoolCommissioners, 378 So.2d 1142, 1145 (Ala.Civ.App. 1979), this court noted:
 [U]pon review by mandamus the circuit court may not reverse the Commission's decision unless it has failed to comply with the Tenure Act's procedural requirements or unless its judgment is so contrary to the preponderance and weight of the evidence as to be unjust. . . .
The teacher, on appeal, contends that the trial court erred in concluding that the action taken by the Tenure Commission was in accord with the requirements of the Teacher Tenure Act. The teacher also contends *Page 133 
that the trial court erred in concluding that the action taken by the Tenure Commission was not unjust. This court will address both of these contentions.
With regard to the first issue raised by the teacher, suffice it to say that there is no evidence that the procedural requirements of the Tenure Act were not complied with. As required by section 16-24-5, Code of Alabama 1975, written notice of transfer was given the teacher. Additionally, the teacher suffered no loss of status; the teacher's contract apparently was not violated by the transfer; and, according to the teacher's own testimony, the transfer was not for political or personal reasons, all of which are prohibited by section16-24-5. Furthermore, the teacher took advantage of the entire review process as provided by the Tenure Act.
The teacher apparently contends that the transfer violates the Tenure Act because he is now required to teach at the primary level while he is certified to teach at the secondary level. In this regard we note that the transfer in no way affected the teacher's continuing service status. Clark v.Beverly, 257 Ala. 484, 59 So.2d 810 (1952). Additionally, as indicated above, review is limited to the requirements of the Tenure Act. The Tenure Act contains no provision either prohibiting or authorizing transfers outside of a teacher's area of certification. Since the Tenure Act contains no such provision, the transfer cannot be said to violate the Tenure Act.
In light of the above, this court finds no merit in the teacher's first contention.
This court likewise finds no merit in the teacher's second contention regarding the justice of the transfer. In TenureCommission v. Anniston City Board of Education, 57 Ala. App. 198, 326 So.2d 760, 763 (1976), this court held that a teacher could be transferred only with reason and, furthermore, that "the stated reason must be shown by the evidence to serve a reasonable administrative function." If the evidence is insufficient to sustain the reason given, the transfer will be found to be unjust.
In this case the stated reason for the transfer was the surplus of physical education teachers at Oakman High School. This reason was sufficiently supported by the evidence. For example, the superintendent testified essentially that, after the new coach was hired, if the teacher had stayed at Oakman to teach physical education there would have been two people doing the job of one. According to the superintendent, the system could not afford this. The new coach also testified that Oakman was overloaded with teachers at the end of the 1979-80 school year. Finally, the teacher himself acknowledged that there were too many physical education teachers at Oakman.
Though acknowledging that there were too many physical education teachers at Oakman, the teacher contends that alternatives other than transferring him were available to alleviate the problem. Among the suggested alternatives were allowing the teacher to remain at Oakman but teach in an area other than physical education; or allowing the teacher to remain at Oakman as a physical education teacher while giving the new coach some other classroom assignment; or allowing the teacher to remain at Oakman and assign the new coach to classroom duties at another school in the system.
When questioned about these alternatives at the hearing both the superintendent and the principal indicated that there would be administrative difficulties in implementing any of the teacher's suggestions. First of all the evidence established that Oakman was already fully staffed with tenured teachers in social studies, a general area within which both the teacher and the new coach were certified to teach. Due to the foregoing, it would be difficult to place either the teacher or the new coach in a certified area other than physical education. Though the principal did indicate that it would have been possible to create a new social studies class, it would have been very small and would have required disrupting student schedules after the completion of the first semester, which, in the opinion of the principal, would have been unwise. *Page 134 
Likewise, the superintendent testified that it would have been unwise to place the new coach at a school other than Oakman where he was to coach because the new coach would then not have the opportunity to adequately interact with the students.
In the opinion of this court, the foregoing evidence supports the trial court's conclusion that the facts of this case support the reason given for the transfer and that the transfer served a reasonable administrative function. The transfer is, therefore, not unjust.
Our conclusion is not changed because a tenured teacher was transferred in order to accommodate a nontenured teacher, for this court, in DeCarlo v. Tarrant City Board of Education,52 Ala. App. 220, 291 So.2d 155 (1974), held that the Tenure Act did not require a board of education to give preference in making transfers to tenured teachers over nontenured teachers.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.