This is a teacher tenure case.
Charles Carlisle is a tenured teacher with the Phenix City Board of Education (Board). He was promoted in 1982 to the position of principal of the Susie E. Allen Elementary School. On May 18, 1984, he was advised by the superintendent that the Board had approved his recommended transfer from the position of principal to the position of Assistant Coordinator of the Alternative Learning Center for the 1984-85 school year. Mr. Carlisle protested the transfer and, after a hearing, the Board upheld the superintendent's recommendation and voted to transfer Mr. Carlisle. Mr. Carlisle appealed to the Alabama State Tenure Commission. The Commission reversed the Board's transfer order. The Board, in response, petitioned the Circuit Court of Russell County, Alabama, for a writ of mandamus. Here, another reversal occurred. After reviewing the record, the circuit court held that the decision of reversal by the Tenure Commission was unjust. The Tenure Commission was ordered to vacate its decision and to enter an order affirming the Board's action. Mr. Carlisle and the Tenure Commission appeal.
Our review of a decision of the Tenure Commission is identical to the circuit court's review. Alabama State TenureCommission v. Oneonta City Board of Education, 376 So.2d 197
(Ala.Civ.App.), cert. denied, 376 So.2d 199 (Ala. 1979). It is appellate in nature. The Tenure Commission's conclusions and judgments will not be reversed on appellate review as being unjust unless it is against the preponderance and overwhelming weight of the evidence. Howell v. Alabama State TenureCommission, 402 So.2d 1041 (Ala.Civ.App. 1981); Sumter CountyBoard of Education v. Alabama State Tenure Commission,352 So.2d 1137 (Ala. 1977).
The procedure for transferring a tenured teacher (or principal) is provided in § 16-24-5, Code of Alabama 1975. The school board's superintendent must recommend the transfer and the school board must approve it. A "reason" must be stated if the transfer is contested. The stated reason must be shown by the evidence to serve a reasonable administrative function. It must not be personal, political or arbitrarily unjust. The wisdom or correctness of the transfer is not reviewed.
 "It is only the truth of the stated reason which may be attacked. If the transfer was not because of the `reason' but was in fact for political or personal reasons or was not reasonably supported by the `reason,' such transfer could be determined to be arbitrary, capricious and unjust upon appeal." (Citations omitted.)
State Tenure Commission v. Pike County Board of Education,349 So.2d 1173 (Ala.Civ.App. 1977).
Mr. Carlisle argues that the trial court erred in holding that the decision of the Tenure Commission was against the preponderance of the evidence.
The record reveals the following facts. In the two years Mr. Carlisle had been principal, there had been a great deal of division among the Susie E. Allen Elementary School staff. The climate had gotten worse in the last school term. The superintendent had discussed the problem several times with Mr. Carlisle. In March 1984 an incident occurred between a teacher and a substitute teacher. Mr. Carlisle had allegedly *Page 265 
told the male substitute that the female teacher was "interested" in him. The Board ordered the superintendent to investigate the matter. A questionnaire was prepared by the superintendent and submitted to the sixteen teachers at Susie E. Allen Elementary. The questions dealt with morale at the school and with the principal's past conduct and leadership ability. The responses to the questions varied, some being favorable and others being unfavorable. As a result of the superintendent's investigation and the responses to the questionnaire, the transfer was recommended. The following "reasons" were set forth.
 1. A lack of confidence in the principal's general leadership ability.
 2. Dissension within the professional staff at the school resulting from Carlisle's failure to provide proper leadership.
 3. Low morale of the professional staff at the school.
 4. The professional opinion of the Superintendent that Carlisle could not provide effective leadership as the principal of the school.
The above are obviously not personal or political reasons as prohibited by § 16-24-5. Hence, our review now turns to whether the truth of these "reasons" is supported by the preponderance or overwhelming weight of the evidence.
The hearing to transfer Mr. Carlisle consisted of over six hundred pages of testimony. The superintendent testified in great detail about the information upon which he based his recommendation. Nine teachers testified about the problems at the school and Mr. Carlisle's past conduct. Cross-examination brought out implications of racial bias in the teachers and an absence of morale problems and dissension. However, there was no direct evidence on these points. Mr. Carlisle presented the only testimony on his behalf. He generally denied the allegations and stated they were unfounded.
We find overwhelming support for the truth of the "reasons" for the transfer approved by the Board. After a careful review of the record, we agree with the circuit court that the decision of the Tenure Commission to reverse the Board was against the preponderance and overwhelming weight of the evidence. Therefore, we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.