ROBERT M. PARKER, Retired Circuit Judge.
This is a teacher tenure case.
In August 1984, the Lowndes County Board of Education (Board) directed the transfer of Mattie King, and nineteen other teachers, to other schools within the system. Mattie King was transferred to the Hayneville Middle School as assistant principal and a classroom teacher, the same position she previously held at White Hall Middle School. Originally, the reasons given for the transfer were consolidation and to improve discipline. The Hayneville Middle School was formerly Hayneville High School.
After receiving the Board’s notice of transfer, Mrs. King requested a hearing under § 16-24-6, Ala.Code (1975), and after said hearing, the Board voted to transfer Mrs. King. Mrs. King appealed to the State Tenure Commission (Commission) under § 16-24-7, and the Commission held that the Board’s decision tG transfer Mrs. King was unsupported by the evidence and was arbitrarily unjust and ordered her reinstated in her former school. The Board filed an application for a writ of mandamus under § 16-24-38, Ala.Code (1975), to review the decision of the Commission. On April 12, 1985, the trial court found that the transfer was not arbitrarily unjust and in accordance with reasonable administrative functions and ordered the Commission to vacate its decision and enter an order affirming the Board’s decision to transfer Mrs. King. The Commission appeals from that decision.
The Commission contends on appeal that in a transfer case the decision of the Commission is entitled to a presumption of correctness and, therefore, reversible only if it is shown that the decision is unjust and against the preponderance and overwhelming weight of the evidence.
“Our scope of review is extremely limited in teacher tenure cases. The Tenure *1270 Commission will not be reversed on appeal unless its judgment is against the preponderance of the evidence and the overwhelming weight of the evidence. Sumter County Board of Education v. Alabama State Tenure Commission, 352 So.2d 1137 (Ala.1977).” Jones v. Alabama State Tenure Commission, 408 So.2d 145, 147 (Ala.Civ.App.1981).
“In this case there was no issue presented that the transfer was for personal or political reasons. Therefore, upon appeal to the Tenure Commission it was the statutory duty of the Commission to determine from the record if the hearing before the Board was according to statutory procedure and if the evidence reasonably sustained the reason given for transfer. If the evidence was insufficient to sustain, the transfer must be found without reason and thus arbitrary and unjust.”
Tenure Commission v. Anniston City Board of Education, 57 Ala.App. 198, 201, 326 So.2d 760, 763 (Ala.Civ.App.1976).
In the notice of hearing, the reasons given to Mrs. King by the Board for her transfer were to provide for better discipline of the students at Hayneville Middle School and to continue with grade level students taught last year.
“Section [16-24-6] requires that a teacher requesting a hearing before the Board, after notice of transfer, be given notice of the time and place of the hearing, ‘and the reasons for the proposed transfer.’ The object of stating the ‘reasons’ for transfer is obviously for the purpose of allowing the teacher to examine witnesses and offer testimony to the end of determining the truth and validity of the stated ‘reasons’ and if they serve legitimate or reasonable administrative purposes or whether they are an abuse of administrative discretion and thus arbitrary and unjust. It is from such evidence in the record, when viewed upon appeal by the Tenure Commission, that it may determine whether the action of the Board is arbitrarily unjust.”
Tenure Commission v. Anniston City Board of Education, 57 Ala.App. at 201, 326 So.2d at 762.
We have carefully examined the record of testimony before the Board. In regard to the disciplinary reason for transfer, there is no evidence of a disciplinary problem at Hayneville Middle School; therefore, this reason is unsupported by the evidence. Other evidence revealed that in the preceding year Mrs. King taught science to grades five through eight. The Hayneville Middle School has one science teacher, teaching 143 students in the seventh and eighth grades over five periods. The evidence further showed that the students at Hayneville Middle School were “covered” in science and math. Also, some former senior high school teachers at Hayneville High School had been retained at Hayne-ville Middle School.
The evidence does not reasonably or substantially support the reasons for transfer, and the Commission did not act unjustly in so finding. The judgment of the Commission not being against the preponderance and overwhelming weight of the evidence, the writ of mandamus was issued in error and must be reversed and set aside.
The judgment of the trial court is reversed, and the cause is remanded to that court with directions to rescind and set aside its writ of mandamus directed to the State Tenure Commission.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.