This is a teacher tenure case.
On November 3, 1986 the superintendent of education recommended cancellation of the employment contract of appellant (teacher). A hearing was held by the Huntsville City Board of Education (Board) wherein the Board terminated the teacher's employment contract. He appealed to the Alabama State Tenure Commission (Tenure Commission), which affirmed the decision of the Board. The teacher filed a petition for mandamus against the Tenure Commission in the Madison County Circuit Court. Mandamus was denied on August 3, 1987 and the teacher appeals. We affirm.
The teacher contends the decision of the Tenure Commission was unjust as contrary to the preponderance of the evidence and against the overwhelming weight of the evidence. We disagree.
The termination, as revealed by the minutes of the Board meeting, was on the grounds of incompetency, neglect of duty, or other good and just cause. Section 16-24-8, Code 1975, provides:
 "Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, . . . neglect of duty, . . . or other good and just cause, . . . ."
Our review of a decision of the Tenure Commission, as is that of the circuit court, is appellate in nature and concerns whether the Tenure Commission's conclusions are unjust as against the preponderance and great weight of the evidence.Alabama State Tenure Commission v. Phenix City Board ofEducation, 467 So.2d 263 (Ala.Civ.App. 1985). Absent a showing of such unjustness, the decision will not be reversed on appeal. Pratt v. Alabama State Tenure Commission,394 So.2d 18 (Ala.Civ.App. 1980), cert. denied, 394 So.2d 22 (Ala. 1981).
The teacher taught at Stone Middle School and is tenured. He has been teaching for fifteen years. Prior to the fall of 1986, his record did not indicate any disciplinary measures or reprimands. However, that fall he underwent a behavioral change and became a problem within the school. He was accused of, and has admitted to, such behavior as smoking in front of students in the classroom, using inappropriate language in the presence of students and fellow employees, leaving his classroom unattended, failing to submit proper lesson plans and class rolls, using inappropriate materials in the classroom which created a danger to the health of the students, making sexual remarks to female students and teachers, and making harassing phone calls to the female assistant principal.
On October 24, 1986 the teacher met with the assistant superintendent and the principal to discuss his problems and his work performance. It was recommended that a reprimand be placed in his permanent record. The weekend following this meeting more harassing phone calls were received by the assistant principal. The result of a tap placed on her phone by the phone company revealed that the calls were made from the teacher's home. The following Monday, October 28, 1986, the teacher received a letter from the superintendent informing him of his suspension and recommendation of his termination. He requested a hearing.
In November the teacher requested, and was denied, a leave of absence. He entered Crestwood Hospital for a drug and alcohol abuse program and was released November 28, 1986, several days prior to his hearing.
At the hearing before the Board, testimony was presented which not only proved the allegations against the teacher but also included an admission by the teacher to most of the conduct. However, he maintained that as an alcoholic he was suffering from a disease and should not be terminated on those grounds. The teacher presented the testimony of a psychiatrist from Crestwood Hospital who had treated him. The psychiatrist's testimony consisted of generalities concerning alcoholism and its effects on the behavior of an alcoholic, whether drinking or nondrinking. *Page 543 
As noted earlier, this court's review in this case is limited to the determination of the sufficiency of the evidence.Ellenburg v. Hartselle City Board of Education, 349 So.2d 605
(Ala.Civ.App. 1977). After careful review of the record, we find that there was sufficient evidence before the Tenure Commission to support termination. The teacher admitted to most of his misconduct and does not deny that this was inappropriate for the school setting. Termination was not based on allegations of intoxication nor on proof that the acts complained of were committed while he was under the influence of alcohol.
Thus, we do not find the judgment of the Tenure Commission to be unjust or contrary to the great weight of the evidence. The judgment is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.