PER CURIAM.
Pursuant to Rule 18, Alabama Rules of Appellate Procedure, the United States District Court for the Middle District of Alabama certified to this Court certain questions, based on the following statement and certificate:
“In support of said certificate, the following facts are shown to the Court. Plaintiff, Charles H. Carlisle, filed a Complaint in the United States District Court for the Middle District of Alabama on January 9, 1987, seeking relief pursuant to 42 U.S.C. §§ 1983 and 2000e et seq., because of his demotion from the position of principal at Susie E. Allen Elementary School to the position of assistant coordinator at the Alternative Learning Center beginning in the 1984-85 school year, allegedly because of Plaintiff's being of the black race. At the time of the transfer, Plaintiff was not a tenured principal. Defendants’ amendment filed August 12, 1987, to their Answer presented the defense that the basis of the Plaintiff’s claim of wrongful transfer had been adjudicated or should have been adjudicated in proceedings in the Circuit Court of Russell County, Alabama, and in the Court of Civil Appeals [see Alabama State Tenure Commission v. Phenix City Bd. of Ed., 467 So.2d 263 (Ala.Civ.App.1985)] and that further litigation thereof was barred by doctrines of res judicata or collateral estoppel and the Full Faith and Credit Act, 28 U.S.C. § 1738,. requiring that federal courts give to State court judgments the same preclusive effect as would be given [those judgments] by State courts [see also the Full Faith and Credit Clause of the United States Constitution, Article IV].
“Plaintiff originally filed an appeal of his discharge to the Phenix City Board of Education. Being unsuccessful, he appealed to the State of Alabama Tenure Commission, which on August 16, 1984, *195 reversed the July 27, 1984, order of the Board of Education, which [then] filed a petition for writ of mandamus in the Circuit Court of Russell County, Alabama, which issued the writ [and] effectively affirmed the transfer complained of. The Alabama Court of Civil Appeals then affirmed the decision of the Circuit Court denying relief to Plaintiff. Alabama State Tenure Commission v. Phenix City Bd. of Ed., supra (Ala.Civ.App.1985).
“Being of the opinion that the State proceeding for wrongful discharge, beginning with proceedings pursuant to Code of Alabama [ (1975) ], § 16-24-1, et seq., and continuing through the State Court of Civil Appeals, barred a relit-igation of the issue of wrongful transfer, this Court granted summary judgment in favor of the Defendants, dismissing Plaintiff’s cause of action. Carlisle v. Phenix City Bd. of Ed., Civil Action 87V-25-E (October 9, 1987). The United States Court of Appeals for the Eleventh Circuit reversed in 1988, pointing out that the racial discrimination issue was not litigated in the State courts and that there was no showing that under Alabama law it could or should have been litigated therein. Carlisle v. Phenix City Bd. of Ed., 849 F.2d 1376 (11th Cir.1988). Judgments of Alabama courts as to Alabama law and as to what could have been litigated in Alabama courts are binding on this and other federal courts.
“The questions of law are the following:
“1. May a teacher, complaining of an allegedly wrongful transfer, pursuant to his statutory rights [Code of Alabama (1975), § 16-22-5] present for consideration (either at the administrative hearings, §§ 16-24-6 and -7, or upon review and/or by independent but consolidated actions in the State of Alabama court system) questions [concerning rights] protected by federal law, that is, issues arising under 42 U.S.C. §§ 1981 et seq., and under 42 U.S.C. § 2000e?
“2. More specifically, would Alabama courts refuse, on any theory of res judicata or collateral estoppel, to hear a teacher complain of a wrongful transfer on some theory of a violation of 42 U.S.C. §§ 1981 et seq., or of 42 U.S.C. § 2000e after that teacher, for the same factual transaction, had processed a previous proceeding pursuant to Code of Alabama [(1975)], §§ 16-24-5, et seq., through the Alabama Court of Civil Appeals, Alabama State Tenure Commission v. Phenix City Bd. of Ed., 467 So.2d 263, 265 (Ala.Civ.App.1985)?”
Simply put, the United States District Court asks this Court if we agree with the Eleventh United States Circuit Court of Appeals’ interpretation of Alabama law relating to the legal doctrines of res judicata and collateral estoppel and its application of those doctrines to the facts of this case. With equal simplicity, we answer “yes” to both questions as restated. Stated otherwise, we approve and adopt the opinion in Carlisle v. Phenix City Bd. of Ed., 849 F.2d 1376 (11th Cir.1988), as a correct statement of Alabama law, as it relates to the application of the doctrines of res judi-cata and collateral estoppel.
QUESTIONS ANSWERED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, ADAMS and KENNEDY, JJ., concur.
HOUSTON, J., concurs in the result.