INGRAM, Presiding Judge.
The Dallas County Board of Education (board) voted to transfer Grover Bates (teacher) from his teaching position at Southside High School to Shiloh Middle School for the 1989-90 school year. The Alabama State Tenure Commission (commission) reversed the board and held in favor of the teacher. However, the Circuit Court of Dallas County reversed the commission and ordered it to affirm the board’s decision to transfer the teacher. The commission now appeals to this court.
At the outset we note that this court’s review is the same as the circuit court’s. Our review of the findings of the commission is limited to a determination of whether the action of the commission is unjust, and its decision will not be reversed unless the overwhelming weight of the evidence dictates otherwise. Ex parte Alabama State Tenure Commission, 555 So.2d 1071 (Ala.1989).
As concerns the transfer of teachers, we also point out that the board must have a reason, and such reason must be stated if the transfer is contested. State Tenure Commission v. Pike County Board of Education, 349 So.2d 1173 (Ala.Civ.App.1977). The stated reason must be shown by the evidence to serve a reasonable administrative function, and it must not be for personal or political reasons or be arbitrarily unjust. Pike County, supra. If the evidence before the commission does not support the reason given, then the transfer should not be upheld. Pike County, supra.
However, neither the teacher nor the commission can challenge, on appeal, the wisdom or correctness of the administrative acts of the board which may have precipitated the transfer. Pike County, supra. It is only the truth of the reason stated which may be attacked. If the transfer was not because of the reason given, but was instead the result of political or personal reasons, or if the transfer was not reasonably supported by the reason given, such transfer on appeal could be determined to be arbitrary, capricious, and unjust. Pike County, supra.
Here, the decision of the board to transfer the teacher to another school was not subject to review as to its wisdom or necessity, but only as to whether it was made for personal or political reasons, or whether it was unsupported in fact or reason so as to be arbitrary and capricious. The commission found that the board’s decision was unjust; therefore, we must now determine whether that decision is against the overwhelming weight of the evidence. In other words, we must determine whether the reasons given by the board for the transfer of the teacher are supported by the evidence. If they are supported, then the commission erred in reversing the board. Conversely, if the record shows that the reasons stated are not supported by the evidence, then the decision of the commission is due to be affirmed.
The record, in pertinent part, reveals the following: The teacher is a black tenured teacher who has been employed with the Dallas County Public School System for 23 consecutive years. He holds a B.S. degree, a master of science education degree, and an A.A. degree in science education. During his teaching career in the Dallas County public school system, the teacher has been transferred seven times, only one of which was voluntary. For the 1988-89 school year, the teacher taught math and science at Southside High School, which is located in an impoverished, predominantly black community.
In May 1989, the superintendent of schools for Dallas County recommended that the Dallas County Board of Education transfer the teacher from Southside to Shiloh Middle School for the 1989-90 school term. The board accepted the superintendent’s recommendation and notified the *744 teacher of the transfer. The teacher then notified the superintendent that he did not want to be transferred and requested a hearing before the board. The board set a hearing date and notified the teacher of 13 reasons for the transfer.
In June 1989, the board conducted a hearing on the proposed transfer and voted to affirm its prior decision to transfer the teacher. The teacher then appealed the board’s decision to the commission. After a review of the hearing before the board, as well as briefs and oral argument, the commission concluded that the action of the board was arbitrarily unjust.
We have reviewed the transcript of the record before the. board, and in view of our extremely limited standard of review, we cannot say that the decision of the commission is against the overwhelming weight of the evidence. We have examined each of the reasons given for the proposed transfer and find the majority to be “generic” in nature and not specifically applicable to the teacher in the instant case. In fact, it appears that many of the reasons given have no application to this teacher.
Of the reasons listed by the board that do have some application to the teacher, we find that they are not supported by the evidence. One of the reasons was that the teacher would have smaller classes at Shiloh, which.would eliminate problems that he was having at Southside. However, there was no evidence that the teacher was having any problems at Southside. In fact, the teacher's “Certified Tenure Personnel Evaluation” was admitted into evidence, and there was no indication of any such problems. Another reason listed was that Shiloh is in a low economic, impoverished black community and needs someone with the teacher’s certification. However, the evidence also shows that Southside is in an impoverished, low economic community and has the same needs.
We also note that, prior to this transfer, the teacher had been transferred seven times, none of which was contested by the teacher.
As noted above, the commission reviewed the testimony presented to the board concerning the reasons given for the transfer and found the board’s decision to be arbitrarily unjust. The commission could have concluded that the reasons given were not valid reasons for a transfer, especially in view of the high number of previous transfers of the teacher. Therefore, we cannot find as a matter of law that the commission’s decision to reverse the board is against the overwhelming weight of the evidence.
We point out that the circuit court reversed the commission without having the record of the board hearing before it. It appears to this court that, before a circuit court could reverse a commission’s decision in a transfer case, it would have to have the record of the board hearing before it for its consideration.
This then brings us to our disposition of this case. We find that the circuit court erred because we are satisfied that the commission’s decision was not against the overwhelming weight of the evidence.
We could remand the case for the circuit court to conduct further proceedings; however, since we have the complete record of the board hearing before us, and since our standard of review is the same as for the circuit court, we see no need to remand it for further proceedings.
The circuit court’s order is reversed and the case is remanded with instructions to enter an order affirming the commission’s decision.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ., concur.