235 So.2d 651

**E. L. AUTRY**

v.

**The BOARD OF EDUCATION OF RANDOLPH COUNTY, Alabama, et al.**

5 Div. 882.

Supreme Court of Alabama.

May 15, 1970.

Lewis H. Hamner, Jr., Roanoke, for appellees.

David H. Hood, Jr., Bessemer, for appellant.

SIMPSON, Justice.

The appellant here was a schoolteacher in the Randolph County Vocational School. He had held this position for some fifteen years. On June 1, 1968, he was notified in accordance with Title 52, § 359, Code of Alabama, 1940, Recompiled 1958, that his contract of employment was being cancelled by the Randolph County Board of Education. This letter of notification stated that the grounds for cancellation were "neglect of duties, incompetence, immoral practices,

and insubordination in that you did on one occasion when you were due at school, you were in jail on a DWI offense. Furthermore, you were in school while under the influence of intoxicants, and were counseled with by the principal and/or superintendent on the following dates: September 11, 1967; October 12, 1967; November 20, 1967; January 2, 1968; February 12 and 27th, 1968."

Title 52, § 358, Code of Alabama, specifies the grounds for cancellation of an employment contract of a teacher on continuing service status (as the appellant was):

"Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions, or other good and just cause; but cancellation may not be made for political or personal reasons."

"Upon receipt of the notice of cancellation of his contract, the appellant filed with the Randolph County Board of Education notice of his intention to contest the cancellation, again pursuant to the provisions of Title 52, § 359, Code. Thereafter the matter was set for hearing before the members of the Randolph County Board of Education. The appellant appeared at the hearing and was represented by counsel.

The Board took testimony, the transcription of the same running to about 85 pages, and entered its decision to the effect that the appellant's contract was cancelled.

Thereafter, under the provisions of Title 52, § 360, Code, the appellant appealed to the State Tenure Commission for a review by the Commission of the decision made by the Randolph County Board of Education. Under this statute the scope of review by the State Tenure Commission is limited to the question of whether the action by the Board was in compliance with this chapter and whether such action was arbitrarily unjust. The State Tenure Commission affirmed the action taken by the Board of Education.

Following the action taken by the State Tenure Commission, the appellant filed a petition for a writ of mandamus in the Circuit Court of Randolph County, which is the appropriate way to effect review under Title 52, § 361, Code.

The Circuit Court had before it a transcript of the evidence taken before the Board of Education of Randolph County and all of the exhibits which had been offered at the hearing held before the Board. Also, before the trial court was the order made by the State Tenure Commission, upholding the action taken by the Randolph County Board of Education canceling the contract of the appellant.

The trial court entered a decision, which in part is as follows:

"Section 358, Title 52, 1940 Code sets out the grounds for cancellation of an employment contract with a teacher on continuing service status; these statutory grounds being incompetency, insubordination, neglect of duty, immorality, justifiable decreases in the number of teaching positions, other good and just causes. See County Board of Education of Clarke County v. Oliver, 270 Ala. 107, 166 [sic, 116] So.(2) 566. The Court is of the opinion that the notice of June 1, 1968, by the Board to the petitioner, E. L. Autry, of its proposed cancellation of petitioner's contract of employment was sufficiently specific as to the grounds for such cancellation to give notice to the petitioner of what he was called on to defend.

*     *     *     *     *     *

"The notice given by the Randolph County Board of Education to the petitioner was under and pursuant to Section 359, Title 52, 1940 Code. The Supreme Court has held that the notice provided for in Section 361(2), Title 52, 1940 Code, has no application to a teacher of continuing service status, and that a teacher of continuing service status can have a contract cancelled against her will only for the causes set out in Section 358 and upon pursuing the procedure provided in Section 359. See Enzore [Enzor] v. Fairclothe, 253 Ala. 266, 43 So.(2) 811.

"In the case of State [ex rel. Steele] v. Board of Education of Fairfield, 252 Ala. 254, 40 So.(2) 689 (decided in 1949), the Supreme Court of Alabama, speaking through Mr. Justice Lawson, said:

" 'As before indicated, under the provisions of Section 358, Title 52, Code 1940, as amended, the trial court's right to review the action of the employing board of education, was limited to two considerations, first, whether such action was taken in accordance with the requirements of the Teacher Tenure Law, and, second, whether such action was arbitrarily unjust. If either of those conditions existed, then due process was not observed. Where, as here, a purported hearing was held after notice, the Circuit Court's review is limited to the proceedings before the board of education. In such a case the hearing of the mandamus proceeding is not a trial de novo. Gainer v. Board of Education of Jefferson County, et als., 250 Ala. 256, 33 So.2d 880.'

"The Court has carefully read and reread the testimony in this case which was taken before the Randolph County Board of Education on June 28, 1968, and has considered the statutory requirements for the giving of notice to petitioner of termination of his contract, as required by law (Sec. 359, Title 52, 1940 Code) and is of the opinion that the administrative procedure for (1) notice to petitioner, (2) appeal by petitioner to the State Tenure Commission, (3) affirmation by State Tenure Commission of the ruling of the Board, and (4) petition for mandamus by petition to this Court from the ruling of the State Tenure Commission have all been fully complied with; and that the ruling of the State Tenure Commission, which affirmed the ruling of the Randolph County Board of Education, should be affirmed by this Court; and that the petition for mandamus to require the Board to reinstate the petitioner as a teacher in the school of Randolph County, Alabama should be denied. The Court is of the opinion that the action of the Board of Education of Randolph County, Alabama in canceling or terminating the contract of the petitioner was not arbitrarily unjust, this opinion of the Court being based of course on the testimony in this case. The trial before this Court was not a trial de novo, this Court's review being limited to the proceedings before the Board of Education."

From this ruling by the trial court, this appeal was taken here. The question for our decision is whether the judgment of the trial court is correct. County Board of Education of Clarke County v. Oliver, 270 Ala. 107, 116 So.2d 566.

A teacher on continuing service status is entitled to a detailed statement of the reasons for cancellation of his contract by the County Board of Education, and the appellant here was supplied with that statement. We have carefully reviewed the evidence taken at the hearing before the Board, and reviewed by the State Tenure Commission and subsequently by the trial court. We, too, conclude that the evidence supports the conclusions reached by the Board. It would not serve any useful purpose here to restate the testimony against appellant; suffice it to say that the evidence is supportive of the decision reached below.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH, and McCALL, JJ., concur.