236 So.2d 346

The LAMAR COUNTY BOARD OF EDUCATION et al.

v.

Laverne C. STEEDLEY.

6 Div. 24–A.

Court of Civil Appeals of Alabama.

June 3, 1970.

Young, Young & Gosa, Vernon, for petitioners.

Tweedy & Beech, Jasper, Ronald H. Strawbridge, Vernon, for respondent.

BRADLEY, Judge.

A stay of the action of the Circuit Court of Lamar County, Alabama denying a request for permission to file a supersedeas bond in a companion case was sought in the Supreme Court by way of a petition for supersedeas by petitioners, Lamar County Board of Education and the State Tenure Commission.

And, the Supreme Court, after a hearing, issued the Rule Nisi to the Judge of the Lamar County Circuit Court to show cause why he should not permit the filing of a supersedeas bond. Prior to the issuance of this rule, however, respondent, Steedley, a teacher who had been transferred to another school by petitioners, had filed a motion to strike the petition for supersedeas filed in the Supreme Court.

After the issuance of the Rule Nisi, the Judge of the Lamar County Circuit Court filed his answer to said Rule, and the petitioners then filed a replication to said answer.

After the pleadings had been filed by both sides with the Supreme Court in the supersedeas proceeding, but before a decision had been made thereon, the petitioners

renewed their request for the issuance of a writ of supersedeas directly to the Supreme Court on the ground that the need for the relief still existed and the disruptive influences were still existent in the Millport High School since the Board had been unable to transfer Mr. Steedley due to the order of the Circuit Court. This request was denied by the Supreme Court and the case was subsequently transferred to this court for decision.

As we view it, the issue before this court is whether or not the Circuit Court of Lamar County erred in refusing to permit a supersedeas bond to be filed in the case on its merits.

The facts are, briefly, that the Circuit Court of Lamar County had issued a writ of mandamus to the Lamar County Board of Education and the State Tenure Commission ordering that these two agencies rescind their directive transferring a teacher, Mr. Steedley, from Millport High School to Kennedy Consolidated School.

From the order of the Circuit Court granting the writ of mandamus, the petitioners appealed to the Supreme Court.

They also asked the Circuit Court for permission to file a supersedeas bond, which would stay the order of the Circuit Court pending the appeal. The Circuit Court denied this request and the petitioners then filed a request for the issuance of the writ of supersedeas or other remedial writ in the Supreme Court.

Petitioners contend that the filing of a supersedeas bond in the Circuit Court to supersede or stay the order of the Circuit Court was a matter of right authorized by Title 7, Section 795, Code of Alabama 1940, as Recompiled 1958.

The respondent, Judge of the Lamar County Circuit Court, said that under the circumstances of this case, the granting of the supersedeas was discretionary, and that he refused to permit the filing of a supersedeas bond so as to maintain the status quo, i.e., the question was whether the Board acted properly in transferring Mr.

Steedley to the Kennedy Consolidated School and he had decided that it had not acted properly and, until his decision was reviewed, his mandamus order kept Mr. Steedley at Millport High, thereby maintaining the status quo.

Section 792 of Title 7, Code of Alabama 1940, as Recompiled 1958, provides that an appeal may be taken without giving bond to supersede the execution of the judgment rendered so long as security for costs of the appeal is given to the Clerk of the Court.

The Supreme Court has held in the cases of Cartee v. Hubbard, 275 Ala. 356, 155 So.2d 309; and Ex parte Dekle, 278 Ala. 307, 178 So.2d 85, that when an appeal is taken pursuant to Section 792, supra, the right of the judgment holder to enforce the judgment is not suspended pending the appeal, saying that the common law rule that an appeal suspended enforcement of the judgment has been changed by statute, unless a supersedeas bond is filed in those instances where it is authorized by statute to be filed.

Title 7, Section 795, Code of Alabama 1940, as Recompiled 1958, provides, in pertinent part, as follows:

"If the judgment * * * be only for the performance of some act * * *, the party appealing, if he wishes to supersede the execution of the judgment * * *, must execute bond with good and sufficient sureties payable to the clerk * * * in such sum as the judge, * * * may in writing prescribe, * * *."

Does the judgment of the Lamar County Board of Education, which was appealed to this court, require "the performance of some act" so as to authorize the appellants to file a supersedeas bond in the Circuit Court?

The judgment of the trial court required the Board to rescind its order transferring Mr. Steedley to the Kennedy Consolidated School, and it might be said that this judg-

ment required "the performance of some act." However, the effect of the trial court's judgment was to keep Mr. Steedley at Millport High School where he had been teaching and where he wanted to remain as a teacher, and to prevent or prohibit his transfer to Kennedy School.

We have concluded that the Circuit Court's judgment in reality prohibited the doing of an act, i.e., preventing the consummation of the transfer of Mr. Steedley to Kennedy, rather than requiring the performance of an act.

Therefore, the petitioners here did not come within the purview of the provisions of Section 795, supra, and were not entitled to execute and file with the Circuit Court of Lamar County a supersedeas bond staying the judgment of the court which prohibited the transfer of Mr. Steedley from Millport High School to Kennedy Consolidated School.

The respondent here cites us to Title 7, Section 281, Code of Alabama 1940, as Recompiled 1958, for the proposition that the judge is given the discretionary power to permit or deny the execution of a supersedeas bond.

Section 281, supra, authorized a judge to accept or refuse a supersedeas bond, depending on the circumstances, in those cases where a person has filed a petition seeking a rehearing under the four month statute. See Title 7, Section 279, Code of Alabama 1940, as Recompiled 1958.

Relief was not sought under the four month statute in the case at bar, and, therefore, Section 281, supra, would not be applicable to it.

We are, therefore, of the opinion that the trial court acted properly in denying to petitioners the right to execute a supersedeas bond under Section 795, supra.

We are also of the opinion that the question now before us is moot.

We are today rendering a decision in the companion case, Lamar County Board of Education, et al. v. Steedley, 45 Ala.App. 672, 236 So.2d 337, 6 Div. 24, in which we reverse the judgment of the trial court.

The effect of our decision in 6 Div. 24 is to uphold the transfer order of the Tenure Commission and the Board of Education, thereby obviating any necessity for relief by way of supersedeas.

We are therefore of the opinion that the request for relief by way of a supersedeas or other remedial writ should be and is hereby denied.

Writ denied.