291 So.2d 155

**Elizabeth C. DeCARLO**

v.

**The TARRANT CITY BOARD OF EDUCATION.**

**Civ. 279.**

Court of Civil Appeals of Alabama.

Feb. 6, 1974.

Rehearing Denied Feb. 27, 1974.

Parker, Wilkinson & Purvis, Birmingham, for appellant.

James M. Tingle, Birmingham, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from denial of a writ of mandamus by the Circuit Court of Jefferson County. The petition for writ of mandamus was brought by appellant, Elizabeth DeCarlo to review the action of the State Tenure Commission in affirming the action of the Tarrant City Board of Education transferring appellant from one school to another within the Tarrant City system.

In the summer of 1971 the Tarrant City School system was operating under the direction of a Federal District Court decree as a party to the case of Lee v. The Macon County Board of Education, 321 F. Supp. 1. The Tarrant City superintendent had been orally advised by the court that Tarrant City could no longer accept students from outside the city limits. This oral advice was later incorporated in a written order.

As a result of such order, the enrollment in the schools of Tarrant City would be substantially reduced for the school year 1971–1972. In preparation for such reduction, the superintendent and principals of the three schools in the system had to revise their curricular and reduce the number of teachers in the system. Such revisions necessitated cancellations of contracts and transfer of teachers within the system.

Appellant had for fourteen years been a teacher at Tarrant City High School. Her major was in social studies with a minor in English. In the prior school year she had taught exclusively English. However, in some past years she had taught both social studies and English.

Appellant was notified both by telephone and by subsequent letter that it was the decision of the Board of Education that she be transferred from the high school to the elementary school where she would teach social studies to the 8th grade. Appellant protested the transfer. Hearing was held by the Board of Education and her transfer was upheld. She appealed to the State Tenure Commission. The decision of the Board was upheld. She petitioned for mandamus to the circuit court. Her petition was denied. She appeals.

The procedure for the transfer of a tenured teacher is provided by statute in Title 52, Chapter 13, Code of Alabama. There is no dispute as to compliance with all procedural requirements.

Section 355 of Title 52 provides in substance that a tenured teacher may be transferred for any succeeding year from one position, school or grade to another by the employing board, except that such transfer shall be without loss of status or violation of contract and such transfer may not be for personal or political reasons. Appeal from such transfer after hearing before the board, is to the State Tenure Commission. Section 357, Title 52. The Commission reviews the record of the proceedings before the board after argument by the teacher or counsel, if requested. The commission decides whether such transfer is in compliance with the statutes and whether such action was taken for personal or political reasons and that such action was not arbitrarily unjust. The decision of the commission shall be final and conclusive as to all questions relative to the transfer.

The action of the commission, though final and conclusive as to the action of the board, may be itself reviewed by petition for writ of mandamus filed in the circuit court to determine whether the commission has complied with the provisions of the statutes and whether its action is unjust. Section 361, Title 52, Code. The judgment of the circuit court on the petition for mandamus is subject to appeal to this Court.

These successive methods of consideration and review established by the legislature to provide for and protect teachers with tenure is novel and unusual to say the least. They have been discussed and interpreted in various aspects in the recent cases of Greene v. Washington Co. Bd. of Education, 45 Ala.App. 216, 228 So.2d 829; Lamar Co. Bd. of Education v. Steedley, 45 Ala.App. 681, 236 So.2d 346; Autry v. Bd. of Education of Randolph County, 285 Ala. 617, 235 So.2d 651; State Tenure Comm. v. Madison County Bd. of Education, 282 Ala. 658, 213 So.2d 823; Cullman Cty Bd. of Ed. v. Buchanon, 45 Ala.App. 357, 231 So.2d 134 [cert. denied], 285 Ala. 754, 231 So.2d 137.

The basis for the novelty of the appellate process in "teacher tenure" cases is expressed in State Tenure Comm. v. Madison County Bd. of Education, supra,

"This 'tenure teacher' law establishes a 'means' between two extremes—the extreme of absolute local control and the other extreme of absolute freedom from any local control."

We can be sure of the intent of the legislature expressed in Section 361, supra. The action of the Tenure Commission, after its review of the record of the proceedings of the board of education, shall be "final and conclusive." The review of that action of the commission by the limited function of mandamus is specifically directed by the legislature to include only two things, an examination by the court to determine if there has been compliance with the provisions of the statutes, and if it is unjust.

The circuit court in this case made such examination. It was admitted that the commission had acted in compliance with the statutes. The only contention by the appellant was that the action was unjust. The court denied the petition for writ of mandamus. The effect of such judgment was a finding that the action of the tenure commission was not unjust. Our examination of the record supports such finding.

The basic argument of appellant before the trial court and in brief is that the protection of a teacher in continuing service status by the tenure law extends to seniority. That is, if a teacher with tenure is transferred, a failure to consider such tenure status in making the transfer is arbitrarily unjust. Appellant complains in this case because she was transferred rather than other non-tenured teachers. Appellant

contends the principles enunciated in the case of Pickens Co. Bd. of Education v. Keasler, 263 Ala. 231, 82 So.2d 197, apply in her case. That case involved cancellation of the contract of a tenured teacher because of a reduction in faculty while retaining untenured teachers. The Supreme Court held that so long as a teacher is qualified to perform the required teaching service, the Tenure Law gives her priority for retention over those similarly or even higher qualified but who have not obtained continuing service status.

We do not consider that such principle per se is controlling in a case of transfer. In a transfer, loss of continuing status is not involved as it is in cancellation of a contract. The stated purpose of the Tenure Act is job and continuing status protection. Cancellation of contract is permissible only for specific offenses. Section 356, Title 52, Code. Transfer does not require cause and is limited only by personal or political reasons or arbitrary unjustness, and may not involve loss of status. Section 355, Title 52, Code.

Appellant argues that unless a board of education is required to give preference in making transfers to tenured teachers over non-tenured teachers, the right to transfer could be used to so harass teachers as to require them to give up their tenure and seek employment elsewhere. Such speculative possibility has no force in this case. If in another case repeated transfer was shown to have been made without reasonable connection with administrative need and discretion, we would anticipate a finding of arbitrary unjustness or perhaps personal reason. If it were determined that transfer of a tenured teacher could not be made from a school if there were non-tenured teachers of similar qualification available, the next step would be to require that transfer be made on a basis of seniority or time of service as between tenured teachers.

■ We believe the legislature intended to protect the continuing status of a teacher once obtained from cancellation without cause relating to her or his professional competence or conduct. We further believe the legislature intended to prohibit transfer of teachers for personal or political reasons of the transferring authority or arbitrarily without basis for exercise of administrative discretion. We do not believe the legislature intended to limit administrative discretion by prohibiting transfer of a teacher with tenure if non-tenured teachers of similar qualification were present in the school or system.

In this case Mrs. DeCarlo has not lost status. It has not been shown that she has been inconvenienced by additional cost or travel. It appears that the only effect of the transfer upon her has been loss of personal preference, adjustment to a new school after 14 years in another, and perhaps some need for preparation to teach courses which she had not been previously teaching. We do not consider the placing of these possible results upon her to be arbitrarily unjust.

The judgment of the circuit court is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.

## ON REHEARING

WRIGHT, Presiding Judge.

■ Appellant contends on application for rehearing that this Court erred in its original opinion because we overlooked Section 356 of Title 52. Appellant contends that the legislature by passage of Sections 356 and 357 in 1953 subsequent to the holding of the Supreme Court in the case of Clark v. Beverly, 257 Ala. 484, 59 So.2d 810, intended to require that transfer and cancellation of the contract of a teacher be founded upon the same standards. Appellant further contends that the last sentence or portion of Section 356 makes manifest such intent.

We considered this contention of appellant upon original submission but did not comment thereon in our opinion. We did not comment for it appears evident to us that Section 356 has no application whatever to standards of conduct or basis for transfer. Section 356 is headed—"Method of contesting a proposed transfer." It follows Section 355 which sets out the right to transfer and the specific limitations thereon. All Section 356 does is to give to the tenured teacher the right to a contest of such transfer and a hearing thereon. Transferred teachers had previously been without the right of hearing and contest. Clark v. Beverly, supra. The last sentence or portion of the section referred to by appellant makes its effect very clear. It is as follows:

"The procedure *at such hearing* and the responsibility of the board subsequent *to such hearing* and the rights of the teacher and the board *at such hearing* shall be the same as are provided for a contested hearing for cancellation of the teacher's contract as hereinafter set out in Section 359 of this chapter." [Emphasis supplied].

Section 359 provides for the procedure of the Board of Education in giving notice of and reason for cancellation of a contract. It establishes how a contest may be filed and a hearing requested. It provides safeguards for the teacher in the hearing. It grants the teacher the *right* to have counsel, subpoena witnesses, examine and cross-examine witnesses, etc.

The right of a board of education to transfer a teacher with tenure and to cancel a teacher's contract of employment is established by separate statutes. Sections 355 and 358, Title 52, respectively. Section 356 provides the method of contesting a transfer. It further provides that if contest is filed a hearing shall follow with the same procedure and rights as in the cancellation of a contract.

Section 355 does not require a board to have grounds for a transfer. It provides only reasons for which a transfer may not be given. Section 358 requires that a board may not cancel a contract except for specific grounds and further provides reasons why a contract may not be cancelled. Thus it is very clear that transfers and cancellations were not intended by the legislature to be viewed alike. Their ultimate effect is markedly different.

Rehearing denied.

BRADLEY and HOLMES, JJ., concur.