WRIGHT, Presiding Judge.
This is an appeal from the denial by the Circuit Court of Mobile County of a petition for writ of mandamus filed by the Board of School Commissioners of Mobile County (Board) and directed to the Alabama State Teacher Tenure Commission (Commission). The petition for writ of mandamus was brought under authority of § 16-24-38, Code of Alabama 1975.
The matter began and has transpired as follows: Three teachers were employed by *37 the Board as “Instructional Specialists.” Each of them had attained continuing service status or tenure under the Alabama Teacher Tenure Law. §§ 16-24-1 to -38, Code 1975. Each of them was employed by contract for a term of ten months for the 1980-1981 school year, August 11, 1980-June 16, 1981. On or about October 7, 1981, new contracts were sent to each of the three teachers providing employment from August 28, 1981 through June 4, 1982. (That term resulted in a decrease of one month with resultant loss of pay from the contract for 1980-81.) Each of the teachers signed the new contract and returned it to the superintendent with a letter attached. The letters were identical, as set out below:
“Dear Dr. Hammons:
“I was recently sent a contract for the 1981-82 school session pursuant to my Instructional Specialist position. Please be advised that I am returning this document to your office signed and dated; however, please be further advised that this contract is signed under protest and under duress.
“I am specifically concerned about the severe reduction in salary which is stated in the contract when compared to that which was expected given my additional experience and training. Prior to receipt of the contract dated September 28,1981,
I was given no official notice of any intent to reduce my salary.
“I ask that this letter be attached and filed with my 1981-82 contract as an official record of my position on this matter.”
On October 28, 1981, counsel for the teachers sent a letter to the superintendent relating to the contracts, stating that though the teachers had signed them, they had done so under protest and duress and did not consent to the provision which decreased the term of employment. Demand was made for a hearing before the Board, as provided for cancellation of a contract by §§ 16-24-8, -9.
Counsel’s letter was answered by a letter from the deputy superintendent for the Board. The letter stated that the signed contracts were on file, in effect, and no further action needed to be taken.
Appeal to the State Tenure Commission was filed by each teacher under authority of § 16-24-3, Code 1975. Hearing was held by the Commission and order entered on December 7, 1981. The Commission found the appeal proper and held that “[T]he action of the board in reducing the term of employment of the teachers was in effect a cancellation of an existing contract in that it changed a material provision of the contract in violation of § 16-24-5.” The Commission reversed the action of the Board for failure to follow cancellation procedures required by the Code.
The Board thereafter petitioned for writ of mandamus to review the order of the Commission. The writ was denied. The Board has appealed.
This court has before it the same record as that before the Commission and the circuit court. As there was no testimony taken in this case at any stage of the proceedings, it was the responsibility of the circuit court to review the decision of the Commission to determine if it was taken in accord with teacher tenure law. DeCarlo v. Tarrant City Board of Education, 52 Ala.App. 220, 291 So.2d 155 (1974). We review the ruling of the circuit court in the same manner.
There are lengthy contentions by the Board and by the Commission in brief. However, our review indicates that the case must primarily turn upon consideration of the appropriate provisions of the tenure law.
The teachers brought their case to the Commission, claiming right of direct appeal from the denial of a hearing by the Board under § 16-24-37. That section was added to the Teacher Tenure Act by the legislature in 1973. It generally provides a right of appeal directly to the Commission by a teacher with tenure when he or she has been dismissed or transferred without being afforded a hearing by the Board as required by § 16-24-6 or § 16-24-9. In *38 the event of such an appeal, the Commission reviews the teacher’s petition and the answer of the Board and determines whether or not the Board has complied with the tenure law. Based upon its findings the Commission shall: “(1) order a hearing before the Board; (2) determine the teacher has been transferred or dismissed in violation of law and rescind the action of the Board; or (3) sustain the action of the Board.” § 16-24-37, Code 1975.
In this instance the Commission found that the action of the Board in reducing the term of the contract of the teachers from ten months to nine months was, in effect, a cancellation of the contract in violation of § 16-24-5.[1]
It is in the determination that the Board had, in effect, cancelled the contract of the teachers that we find the Commission erred.
At the time the teachers were presented the contracts for school year 1981-82, the contracts which they had signed for the year 1980-81 remained in effect. § 16-24-3 provides that a contract of employment of any teacher with tenure shall remain in full force and effect unless superseded by a new contract signed by both parties or cancelled as provided in § 16-24-9 or § 16-24-10. Thus they were fully protected under the same contract until it was cancelled for one of the grounds set out in § 16-24-8 after hearing, according to § 16-24-9. There clearly could not be a cancellation of the effective contract merely by the Board presenting a new one. Schneider v. Mobile County Board of School Commissioners, 378 So.2d 1119 (Ala.Civ.App.1979), cert. denied, 378 So.2d 1122 (Ala.1980). The petition and answer before the Commission does not indicate that the Board presented the new contract with any accompanying threats of dismissal or notice of cancellation. Though the petitioner claims duress, there are no facts alleged describing any duress. It must be presumed that teachers were familiar with all the protection from dismissal afforded them by the tenure act.
The apparent position of the Commission and its argument here is that the signing of the new contract had no legal effect. There is only reference to a cancellation of the prior contract. Commission submits that the signing of new contracts is not the issue; the question is whether they consented to the change. It insists that attaching the letter after signing discloses lack of consent.
We have carefully examined the letter of the teachers and find no reference therein to failure to consent. The letters mention “protest” and “duress” and profer concern about the resulting reduction in salary. However, the letter first acknowledges receipt of the contract, signing it, dating and returning it. The first reference to absence of consent is found in the letter of the teachers’ counsel, sent to the superintendent some three weeks after the signing. Expression of lack of consent at that time could have no legal effect upon the prior execution of the contract. Neither could the concurrent demand for a hearing under the tenure law.
We are cited to no authority on the effect of first signing an employment contract and thereafter protesting the economic impact and expressing concern for having accepted the terms of it. The use of the term “signed under protest” appears to have no legal significance as used in this instance. It implies only that the signing was done contrary to the desire of the signor. See Steinberg Press, Inc. v. Charles Henry Publications, Inc., 68 N.Y. S.2d 793 (1947).
The assertion of duress apparently refers to economic pressure or the need to keep their jobs. It is said that economic duress must be based on conduct of the opposite party and not merely on the necessities of the purported victim. The enter *39 ing into a contract with reluctance or even dissatisfaction with its terms because of economic necessity does not, of itself, constitute economic duress invalidating the contract. Unless unlawful or unconscionable pressure is applied by the other party to induce the entering into a contract, there is not economic compulsion amounting to duress. Chouinard v. Chouinard, 568 F.2d 480 (5th Cir.1978). The record fails to disclose any basis for the claim of economic duress.
It is the opinion of this court that the contract of each teacher in force and effect at the time the new contract was presented to and signed by them was not cancelled but was superseded by the new contract under § 16-24-3; that the signing by both parties effected a valid contract; that the accompanying letter of the teachers merely expressed dissatisfaction and did not affect the validity of their acceptance; that the Commission erred as a matter of law in finding there had been a cancellation of the teachers’ contracts and a failure by the Board to comply with the provisions of §§ 16-24-9, -10. Therefore the denial of the writ of mandamus by the Circuit Court of Mobile County was error, and the same is reversed with direction to that court to issue its writ to the Commission, directing said Commission to set aside its order of December 7, 1981, and dismiss the direct appeal of each of the teachers.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY, J., concurs.
HOLMES, J., dissents.

. There is either error or mistake in the finding of violation of § 16-24-5. That section has no relation to cancellation, but refers to transfer.