WRIGHT, Presiding Judge.
This is a teacher tenure case.
On May 26, 1981, the Macon County Board of Education, by letter, notified Florine Smith of its intention to abolish the position of attendance supervisor that she *1001 currently held and to transfer her to an undesignated teaching position in “the Vocational Educational Program.” Mrs. Smith then gave notice of her intent to contest the proposed transfer and demanded a hearing thereon.
The board sent Mrs. Smith another letter informing her of the reasons for the proposed transfer and the time and place of the scheduled hearing, though not specifying where she would be transferred. The reasons given for the abolition of the attendance supervisor’s position were severe reductions in funding due to federal cutbacks, state funding proration, lack of an educational budget and the need for experienced staff to be utilized in areas of need. The letter further provided as a statement of fact, but not as a part of the reasons for the intended transfer, that Mrs. Smith was not certified to occupy the position of attendance supervisor.
A hearing was held and the board determined that Mrs. Smith should be transferred, but did not specify the location of her new assignment. Mrs. Smith appealed to the Alabama State Tenure Commission, which determined that it lacked jurisdiction in the matter.
The circuit court subsequently denied Mrs. Smith’s petition for writ of mandamus. This court reversed, holding that the tenure commission did have jurisdiction. The Alabama Supreme Court then granted certiorari and affirmed this court’s decision. The tenure commission heard the case and ruled that Mrs. Smith’s transfer was in compliance with the teacher tenure law and was not for political or personal reasons. Mrs. Smith’s petition for writ of mandamus was denied by the circuit court. She appeals.
Mrs. Smith raises two issues: (1) whether the continuing service status (tenure) of a teacher is presumed when a local board of education grants a hearing under the state tenure laws and (2) whether a board of education must inform a teacher it proposes to transfer of the location of the new assignment.
In brief Mrs. Smith contends the board should be estopped from claiming that she is not tenured as a supervisor. She argues that she was granted a hearing by the board because it accepted that she was tenured as a supervisor, and no evidence was presented to the contrary. Though her argument seems to emphasize a presumption of tenure due to the granting her a hearing, her underlying concern is that if she is deemed nontenured as a supervisor, she will suffer no loss of status from a transfer to a teaching position.
The board submits that the granting of a hearing did not confer Mrs. Smith with tenure as a supervisor or vest her with any presumptions under law. She was granted a hearing because she does have tenure as a teacher. A teacher with continuing service status is entitled to a hearing upon notice of intent to transfer. § 16-24-6, Code of Alabama 1975; Smith v. Alabama State Tenure Commission, 430 So.2d 877 (Ala.Civ.App.1982), aff'd, 430 So.2d 880 (Ala.1983).
Tenure in any position may only be conferred by compliance with the applicable statutes. Mrs. Smith must have been employed as a “supervisor,” as provided by statute, § 16-24-2(b), Code 1975, in order to obtain tenure in that position. The evidence at the board hearing showed that Mrs. Smith had not served at least three years as a supervisor. Therefore, as she was not tenured as a supervisor, Mrs. Smith did not sustain a loss of status when reassigned to a teaching position in her area of certification as a vocational teacher.
We find the language of the court in Clark v. Beverly, 257 Ala. 484, 490, 59 So.2d 810, 816 (1952), applicable in the present case:
“We think that the language of the section plainly makes all ‘teachers,’ ... subject to the direction of the board of education, following the recommendation of the county superintendent, as to the position in which they shall serve during any succeeding year. The words ‘without loss of status’ ... cannot reasonably be said to limit the right to transfer only *1002 to a similar rank or position.... [A] transfer from one position to another position or from one school to another school or from one grade to another grade can be made without in any wise jeopardizing a teacher’s continuing service status.”
Transfer does not require that cause be shown but rather is limited only in that a tenured teacher may not be transferred for personal or political reasons, and the transfer may not involve a loss of status. DeCarlo v. Tarrant City Board of Education, 52 Ala.App. 220, 291 So.2d 155 (1974). In this case the testimony does not indicate personal or political bias by the board nor an arbitrarily made decision with loss of status.
The second contention Mrs. Smith raises is that a school board must inform a tenured teacher of the location of her reassignment. Notification of the location of a new work assignment is not required by § 16-24-5, Code of Alabama 1975, which deals with the statutory requirements for transferring a tenured teacher. That section requires' only that the school board give written notice of intent to transfer. Though the desire of a teacher to know where she will be transferred is understandable, the giving of that information is not required by the statute. In this case, there is evidence that it was well known there could be only one school to which Mrs. Smith could be placed in her teaching certification. We affirm the judgment of the Alabama State Teacher Tenure Commission.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.