INGRAM, Judge.
Ardee Robertson, Jr., a teacher with continuing service status, appealed to the Alabama State Tenure Commission pursuant to § 16-24-37, Code 1975, which provides for an appeal where a tenured teacher has been transferred or terminated and denied a hearing before the employing board of education. The teacher contends that his reassignment to teach different subjects at the same school and to the same grade level was a transfer within the meaning of the tenure law. The Baldwin County Board of Education responded that the different teaching assignment was not a transfer within the meaning of the tenure law. The Alabama State Tenure Commission denied a hearing. The teacher petitioned the Baldwin County Circuit Court for the issuance of a writ of mandamus requiring review. The trial court issued a written order finding that the reassignment was not a transfer within the meaning of § 16-24-5, Code 1975, and dismissed the appeal for lack of jurisdiction. The teacher appeals the decision of the trial court.
Section 16-24-6 states in pertinent part the following:
“After receiving notice of the employing board’s intention to effect a transfer, the teacher receiving such notice may obtain a hearing before the employing board by filing a written demand for such hearing....”
The teacher argues that he was denied a hearing under this statute. Smith v. Alabama State Tenure Comm’n, 454 So.2d 1000 (Ala.Civ.App.1984).
The dispositive issue on appeal is whether the teacher’s reassignment to teach different academic subjects is a transfer within the meaning of § 16-24-5 of the tenure law. Section 16-24-5 reads as follows:
“Any teacher on continuing service status, upon the recommendation of the superintendent and the approval of the employing board of education, may be transferred for any succeeding year from one position, school or grade to another by being given written notice of such intention to transfer by the employing board; except, that such transfer shall be without loss of status or violation of contract, and such transfer may not be for political or personal reasons.”
On August 27, 1985, the teacher inquired of the principal about the subjects he would be asked to teach in the new school term. The principal informed him that he would probably be teaching one American history class in addition to his art classes. On September 4, 1985, the principal again conferred with the teacher and told him that because of the lack of students registered for his art classes, he was asking him to teach two American history classes, two art classes, and to keep two study halls. He had previously taught four art classes. The new classes were to be taught at the same school and at the same grade level. Thus, in order for the reassignment to fall under the purview of § 16-24-5 and therefore also § 16-24-6, the assignment of the two history classes, as well as continuing with two art classes, would have to constitute a change of position, as noted in § 16-24-5. The word “position,” however, based on the teacher tenure law’s definition of “teacher,” clearly supports the trial court’s holding that a transfer from one position to another, as referred to in § 16-24-5, was not intended to cover assignments to teach different subjects at the same grade level. Section 16-24-1 defines teachers as persons certified by the State who may be employed as instructors, principals, or supervisors. It would seem that these are the “positions” referred to in § 16-24-5, Code 1975. Clark v. Beverly, *638 257 Ala. 484, 59 So.2d 810 (1952). A change of a teacher’s duties involving no change of position is not a transfer.
Even though § 16-24-6 has no application to this case, we hasten to point out that our decision here is based on the circumstances of this case and is not to say that a change of a teacher’s duties or subject matter teaching assignments could not amount to a “transfer” within the meaning of § 16-24-5, Code 1975. Bryan v. Alabama State Tenure Comm’n, 472 So.2d 1052 (Ala.Civ.App.1985).
On appeal the teacher also claims that the Board relied on a “50% rule” in making its determination. There is no evidence presented that this formula was utilized by the Board in this case.
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., concurs.
HOLMES, J., concurs in the result.