RUSSELL, Judge.
Martha E. Marsh, a teacher, claims that she was “transferred” by the Hoover Board of Education (board) within the meaning of § 16-24-5, Ala.Code 1975, and that she was entitled to a hearing pursuant to § 16-24-6, which hearing was denied by the board. The Alabama State Tenure Commission (commission) sustained the board’s action, and Marsh appealed to the trial court. She now appeals from the decision of the trial court upholding the commission’s decision. We affirm.
The dispositive issue is whether the change in Marsh’s teaching duties and type of classroom assignment was a transfer within the meaning of § 16-24-5.
Section 16-24-5 provides as follows:
“Any teacher on continuing service status, upon the recommendation of the superintendent and the approval of the employing board of education, may be transferred for any succeeding year from one position, school or grade to another by being given written notice of such intention to transfer by the employing board; except, that such transfer shall be without loss of status or violation of contract, and such transfer may not be for political or personal reasons.”
Section 16-24-6 states, in pertinent part, the following:
“After receiving notice of the employing board’s intention to effect a transfer, the teacher receiving such notice may obtain a hearing before the employing board by filing a written demand for such hearing within 15 days after the receipt of such notice.”
Marsh contends that she was denied a due process hearing in violation of tenure law and challenges the finding that the change of teaching assignment or course matter was not a “transfer” of the teacher’s “position” under § 16-24-5. Her original teaching position was as a seventh grade English teacher, teaching advanced students as part of a team.
The commission responds that Marsh was not transferred and remains a seventh grade English teacher at the same position, school, and grade. The affidavit of the Simmons Middle School principal states that Marsh teaches the same grammar concepts and out of the same English literature book as previously and that, although she has different students, the curriculum remains the same. She further states that Simmons Middle School uses the concept of teacher teams and that Marsh was offered the position of team leader on a new team, due to her experience as an English teacher and a team member. When Marsh indicated a reluctance to undertake this position, she was assigned to be a regular seventh grade English teacher. On her objection to this assignment, she was offered the job of establishing a writing center at the school, which she also rejected. The principal stated that Marsh remains a seventh grade English teacher, who teaches in different classrooms, with an office like other teachers.
*754 Marsh refers to Robertson v. Alabama State Tenure Commission, 513 So.2d 636 (Ala.Civ.App.1987), and Bramlett v. Alabama State Tenure Commission, 341 So.2d 727 (Ala.Civ.App.1977), for support of the proposition that a change of teaching assignments within the same school may constitute a transfer from one position to another. She claims that her duties changed from teaching advanced English students to tutoring remedial level students in grammar skills and that this constitutes a transfer pursuant to § 16-24-5, requiring a hearing. We disagree.
In Robertson it was held that reassignment of a teacher to teach different subjects at the same school and at the same grade level was not a transfer within the meaning of § 16-24-5. There the teacher had previously taught four art classes and was changed to teaching two art classes and two American history classes. In Bramlett it was held that the change of assignment from teaching tenth and twelfth grade English to teaching seventh and ninth grade English was a transfer under the statute.
Here the teacher was assigned to teach the same subject in the same grade. We find that this was not a transfer of position, school, or grade within the meaning of § 16-24-5 and further find that this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J„ concur.