Annie L. Ike, Juanita Dickirson, Violet Jones, Daisy M. Bunn, and Willie Robinson, Jr. (petitioners) are non-probationary employees of the Board of School Commissioners of Mobile County (commissioners), within the meaning of § 36-26-100, et seq., Code 1975, known as the Fair Dismissal Act.
The following facts were agreed upon by the parties and read into the record at trial. The petitioners, Ike, Jones, Bunn, and Dickirson were employed by the commissioners as custodians and were assigned to Mae Eanes Middle School. Ike, Jones, and Bunn worked from 8:00 a.m. to 4:30 p.m. Dickirson worked from 7:00 a.m. to 3:30 p.m. The commissioners notified Ike, Jones, Bunn, and Dickirson that their hours would be changed, and they would be required to work from 1:30 p.m. to 10:00 p.m.
Robinson was employed as a custodian at Mary Vale Elementary School. Robinson's work schedule from September of 1988 to October of 1990 was 2:30 p.m. to 11:00 p.m. In October of 1990, Robinson requested that his hours be altered so he could work a second job. The commissioners agreed to change Robinson's hours and approved his employment at a second job with the understanding that if the new schedule caused any problems then the original schedule would be reinstated. The commissioners notified Robinson with letters dated October 12, 1990, and December 7, 1990, that he would have to resume his original schedule from 2:30 p.m. to 11:00 p.m. Robinson protested the change in hours through several letters and demanded either a hearing under the Fair Dismissal Act or a reassignment to the new schedule. His requests for a hearing and reassignment were denied by the commissioners.
Petitioners subsequently filed suit in circuit court, claiming that the commissioners' rescheduling of their work hours constituted either a transfer or partial termination in violation of the Fair Dismissal Act. Petitioners also alleged that depriving them of a hearing prior to transfer or partial termination constituted a violation of theirFourteenth Amendment due process rights *Page 1016 
guaranteed in the United States Constitution and under42 U.S.C. § 1983. Petitioners sought declaratory judgment, preliminary and permanent injunctions, and an alternative writ of mandamus to compel the commissioners to return them to their respective original work schedules. The trial court rendered a judgment for the commissioners on all claims.
The standard of review for this case is set forth in ARAHospital Food Management, Inc, v. State of Alabama,437 So.2d 530 (Ala.Civ.App. 1983). In ARA, as in this case, the facts were stipulated to at trial, and the trial court based its ruling on those stipulations. On review by this court from a trial court's finding based on stipulated facts, a question of law is presented, and this court reviews such a case without presumption favorable to the judgment of the court below. ARA.
The first issue to be addressed by this court is whether a change in a nonprobationary employee's scheduled work hours constitutes a transfer within the meaning of the Fair Dismissal Act. We restate again that, "the 'Fair Dismissal Act' is not a model of legislative clarity." Bolton v. Board of SchoolCommissioners of Mobile County, 514 So.2d 820, 824 (Ala. 1987). The only language in the statute that addresses the term "transfer" is found in § 36-26-107, Code 1975. This section states in part:
 "The employing board shall have authority to transfer employees, however, such transfer shall be based upon good and just cause needs of the school or institution and shall not be for political or personal reasons on the part of the recommending authority or any member of the employing board and shall be without loss of status for the employee."
The Fair Dismissal Act does not provide a definition of the word "transfer." In addition, the parameters of the term "transfer" have not been set by our supreme court or by this court.
It is a long standing rule of statutory construction in Alabama that:
 "Statutes are in pari materia where they deal with the same subject. Where statutes are in pari materia they should be construed together to ascertain the meaning and intent of each. Where possible, statutes should be resolved in favor of each other to form one harmonious plan and give uniformity to the law." (Citations omitted.)
League of Women Voters v. Renfro, 292 Ala. 128, 131,290 So.2d 167, 169 (1974). Applying these rules of statutory construction to this case, we find § 86-26-107 of the Fair Dismissal Act deals with the same subject as § 16-24-5 of the Teacher Tenure Law, the "transfer" of county board of education employees.
Section 16-24-5 defines a transfer as occurring when a teacher is moved "from one position, school, or grade to another. . . ." The petitioners argue, however, that it is inappropriate in this case to use the Teacher Tenure Law in interpreting the meaning of language in the Fair Dismissal Act because such a comparison would be meaningless since the language of that statute is different. We disagree. Section16-24-5 of the Teacher Tenure Law and § 36-26-107 of the Fair Dismissal Act both contain the term "transfer." The former defines the term "transfer," the latter does not. Using the traditional statutory construction principle of pari materia, we find the term "transfer" in the Fair Dismissal Act is limited in its application to the parameters set forth in the Teacher Tenure Law. In Robertson v. Alabama State TenureCommission, 513 So.2d 636 (Ala.Civ.App. 1987), a teacher contended that his reassignment to teach different subjects at the same school and to the same grade level was a transfer within the meaning of the tenure law. Our supreme court held, "a change of a teacher's duties involving no change of position is not a transfer." Robertson at 638. In Robertson, our supreme court interpreted the term "transfer" in a restrictive rather than an expansive fashion. Applying the definition established under the Teacher Tenure Law to the present case, we find that varying the working hours of the petitioners did not constitute a change in "position, school, or grade." Consequently, we hold that the petitioners in this case were *Page 1017 
not "transferred" within the meaning of the Fair Dismissal Act.
The next issue we must address is whether a change in the petitioners' scheduled work hours constituted a partial termination of their employment. In Ledbetter v. Jackson CountyBoard of Education, 508 So.2d 244 (Ala. 1987), our supreme court held that a reduction of an employee's working hours was a partial termination of her employment and triggered her right to a hearing. Based on the United States Supreme Court case ofBoard of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701,33 L.Ed.2d 548 (1972), our supreme court in Ledbetter decided that employees had a property interest in receiving a specific sum of money for working a designated number of hours. Since a property interest was infringed upon when the number of hours an employee worked was decreased, there was a partial termination and the employee was entitled to a hearing.Ledbetter.
The case before this court is factually distinguishable fromLedbetter. The petitioners did not have their work hours reduced, the commissioners simply assigned them to a different schedule to work those hours. Since their hours were not reduced and their salary was not decreased, they were not deprived of a property interest under Ledbetter; therefore, we hold that the change in working hours did not constitute a partial termination under the Fair Dismissal Act.
Since the petitioners were neither transferred nor partially terminated, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.